# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**OBBIE WARD, JR.,**
        **Plaintiff,**

    **v.**                                                                                      **Case No. 10-CV-0862**

**BRADLEY KELLY,**
        **Defendant.**

---

## DECISION AND ORDER

Pro se plaintiff Obbie Ward Jr. sues defendant Bradley Kelly, Ward's former probation/parole agent, for retaliation under 42 U.S.C. § 1983. Before me now is plaintiff's motion to amend the complaint and defendant's motion for summary judgment.

Plaintiff needs leave from the court to amend his complaint because more than 21 days have elapsed since defendant filed his responsive pleading and defendant has not consented to the amendment in writing. Fed. R. Civ. P. 15(a). Rule 15(a)(2) requires a court to freely give leave to amend whenever "justice so requires." *Id.* Here, I am inclined to deny the motion to amend because plaintiff waited until after the close of discovery to file it. However, I will grant the motion because the proposed amended complaint does not add any new claims. It makes substantially the same allegations as the original complaint but provides a little more detail. Therefore, allowing the amendment will not prejudice defendant. Defendant also failed to file a brief in opposition to the motion to amend, which "is sufficient cause for the Court to grant the motion." Civil L.R. 7(d) (E.D. Wis.).

Plaintiff brings two claims in his amended complaint. First, while he was incarcerated at Dodge Correctional Institution ("DCI"), he claims someone at the prison sent his privately

owned power wheelchair to Redgranite Correctional Institution's wheelchair recycling program for repairs. Plaintiff has cerebral palsy and needs a power wheelchair to get around. He says prison officials were only supposed to send old, state-owned chairs to the recycling program, but someone sent his chair there in an effort to save money. Plaintiff claims the people working at the recycling program damaged his chair while attempting to repair it, and he seeks monetary damages for the harm done to his chair. I construe this as a state law negligence claim. *See Loubser v. Thacker*, 440 F.3d 439, 442 (7th Cir. 2006) ("Section 1983 claims cannot be founded on negligence.").

Magistrate Judge Patricia Gorence dismissed this claim in the original complaint under 28 U.S.C. § 1915(e)(2)(B), and I will again dismiss it. The only defendants named in connection with this claim are the Wisconsin Department of Corrections (the "DOC") and James Schwochert, former DCI warden. The Eleventh Amendment precludes plaintiff from suing the DOC for monetary damages because it is a state agency. *Tucker v. Williams*, 682 F.3d 654, 658 (7th Cir. 2012) ("The Eleventh Amendment provides states with immunity from suits in federal courts unless the State consents to the suit or Congress has abrogated their immunity."); *see also Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989) (a state is not a "person" under 42 U.S.C. § 1983). And plaintiff has not stated a claim against Schwochert because he does not allege that Schwochert was in any way involved with the repair of his wheelchair.

Second, plaintiff claims defendant Kelly changed the rules governing plaintiff's extended supervision when he learned plaintiff was seeking damages from the DOC for the harm done to his wheelchair. Judge Gorence characterized this as a claim for retaliation under § 1983 because Kelly allegedly retaliated against plaintiff for exercising

his First Amendment right to petition for redress of grievances, and she allowed plaintiff to proceed on this claim. *See Bridges v. Gilbert*, 557 F.3d 541, 553 (7th Cir. 2009) ("The First Amendment right to petition for redress of grievances includes the right of access to the courts."). Kelly moves for summary judgment on this claim. Summary judgment is appropriate where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). When considering a motion for summary judgment, I take the evidence in the light most favorable to the non-moving party and may grant the motion only if no reasonable juror could find for that party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 255 (1986).

To prevail on his § 1983 claim, plaintiff must prove: "1) he was deprived of a right secured by the Constitution or laws of the United States, and 2) the deprivation was visited upon him by a person or persons acting under color of state law." *Buchanan-Moore v. Cnty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009). Here, Kelly concedes that he was acting under color of state law when he changed the rules governing plaintiff's extended supervision but denies that his actions were retaliatory. To prevail in an access to the courts or petition for redress of grievances retaliation claim, plaintiff must prove: "'(1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future;' and (3) a causal connection between the two." *Watkins v. Kasper*, 599 F.3d 791, 794 (7th Cir. 2010) (quoting *Bridges*, 557 F.3d at 553).

The following facts are undisputed:[1] In January 2001, plaintiff was convicted of

---

[1] Plaintiff did not respond to Kelly's proposed findings of fact or file his own proposed findings. Therefore, unless they are contradicted by the allegations in plaintiff's

violating Wis. Stat. § 49.49(1)(a)(1) because he operated a medical transport service that billed Wisconsin's Medicaid program for transports that never occurred. He was sentenced to five years probation, but in 2005 his probation was revoked when he was convicted of multiple counts of forgery for forging checks. In 2008, he was released and placed on extended supervision with Kelly as his probation/parole agent.

Sometime in 2008, plaintiff informed Kelly that he was thinking about starting a printing business where he would sell letterhead and envelopes. Kelly did not object to this idea. However, in April 2009, local police informed Kelly that plaintiff was soliciting donations for a nonprofit business called "Obbie's Cerebral Palsy Foundation, Inc." Kelly asked plaintiff about the business, and plaintiff gave Kelly a copy of a flier for it. (*See* Aff. of Bradley Kelly, Ex. 1002, ECF No. 30-2 (copy of flier).) The flier stated that the nonprofit was raising money for wheelchairs for disabled individuals and asked people to mail in checks or cash donations. Kelly became concerned that this was an illegitimate business because of plaintiff's criminal history and because plaintiff had not informed Kelly about the business. Kelly modified plaintiff's Community Supervision Rules to require plaintiff to get permission before starting a for-profit or non-profit business or soliciting funds from the public. (*See* Kelly Aff., Ex. 1003, Amended Community Supervision Rules, ECF No. 30-3 ("22. You shall not operate or own any business, whether for profit or not for profit, without prior approval from your agent. . . . 24. You shall not solicit or accept any donations or

---

verified complaint that were made on the basis of plaintiff's personal knowledge, I accept defendant's proposed findings of fact as undisputed. *See Ford v. Wilson*, 90 F.3d 245, 246–47 (7th Cir. 1996) (a verified complaint is the equivalent of an affidavit for summary judgment purposes); Fed. R. Civ. P. 56(c)(4) ("An affidavit or declaration used to support or oppose a motion must be made on the basis of personal knowledge . . . .")

monies on behalf of any not for profit organization without prior approval.").) Plaintiff signed the amended rules on May 7, 2009. At the time Kelly amended the rules, he was aware that Ward had complained to the DOC about the faulty repair of his wheelchair, but Kelly claims he did not consider this fact when amending the rules. After the rules were amended, plaintiff never asked Kelly for approval to operate any kind of business, nonprofit or for-profit.

Plaintiff has failed to offer evidence that would allow a reasonable jury to find that he suffered an adverse action that would likely deter him from engaging in First Amendment activity. Plaintiff claims the amended Community Supervision Rules injured him because they limited his income by preventing him from opening his own business. Among other things, he says his limited income has made it impossible for him to pay his restitution. But the rules Kelly added in May 2009 did not prohibit plaintiff from opening a business. They simply required him to get approval first. And Kelly's proposed findings of fact state that plaintiff "never asked Kelly for approval to operate any sort of business or solicit funds from members of the public after the amended rules were put in place." (Def.'s Proposed Findings of Fact ¶ 17.) Plaintiff does not dispute this proposed finding of fact. Therefore, I conclude that Kelly did not injure plaintiff by prohibiting him from opening a business. Without proof of injury, plaintiff cannot show that Kelly took an adverse action that was likely to deter plaintiff from exercising his First Amendment rights. Thus, Kelly is entitled to summary judgment on plaintiff's retaliation claim.

**THEREFORE, IT IS ORDERED** that plaintiff's motion to amend the complaint (Docket #27) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff's state law negligence claim is **DISMISSED**.

**IT IS FURTHER ORDERED** that defendant's motion for summary judgment on plaintiff's retaliation claim (Docket #28) is **GRANTED**. The clerk shall enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 24th day of March, 2014.

s/ Lynn Adelman
_____
LYNN ADELMAN
District Judge